UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN THE MATTER OF: ) Case No: B-1082117 C-13D
**JOSEPH L. NICHOLS,** )
**SHERRY L. NICHOLS,** )
 )
 Debtor(s) )
_____)

OBJECTION BY STANDING TRUSTEE TO CONFIRMATION OF PLAN

NOW COMES Richard M. Hutson, II, Standing Trustee ("Trustee") and respectfully objects to confirmation of the Debtors' plan pursuant to 11 U.S.C. §1325(b) and shows unto the Court the following:

1. The Debtors filed a petition under Title 11 of the United States Code, Chapter 13, on November 18, 2010, in the United States Bankruptcy Court for the Middle District of North Carolina.

2. On November 18, 2010, Richard M. Hutson, II, was appointed as Trustee.

3. This Court has proper and personal jurisdiction of the subject matter hereof and over the parties pursuant to 28 U.S.C. §§151, 157 and 1334, and the Standing Order entered by the United States District Court for the Middle District of North Carolina and this is a core proceeding within 28 U.S.C. §157(b).

4. The plan filed by the Debtors proposes monthly payments of $1,642.00 for a period of 60 months. No return to general unsecured creditors is proposed. The Debtors list $51,271.41 of unsecured debt in Schedule "F".

5. The Debtors have filed with the petition a Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, known as Official Form B22C ("Form B22C"). The Debtors list current monthly income ("CMI") in Form B22C of approximately $7,985.87.

6. The applicable commitment period in this case is sixty months. 11 U.S.C. §1325(b)(4).

7. The Trustee objects to confirmation of the Debtors' plan in that the Debtors are not devoting all of their projected disposable income to fund the plan pursuant to 11 U.S.C. §1325(b). The Debtors own an unencumbered automobile, a 2000 Honda. On line 28 of Form B22C, the Debtors take a vehicle ownership expense

1

for the 2000 Honda in the amount of $496.00. On January 11, 2011, the United States Supreme Court, in <u>Ransom v. FIA Card Services</u>, 2011 WL 66438, held that, when determining disposable income in a Chapter 13 case, a debtor may not claim a vehicle ownership deduction unless the debtor makes loan or lease payments on the vehicle. The Debtors in this case have claimed a total of $496.00 in vehicle ownership deductions that are not permissible in light of the Court's decision in <u>Ransom</u>.

8. The Trustee objects to confirmation of the plan in that the Debtors are not devoting all available monthly disposable income to unsecured creditors. In Form B22C, the Debtors list a deduction of $324.75 for charitable contributions; however, the Debtors have provided the Trustee with their 2009 federal tax return showing no charitable giving for the entire year. Based on the 2009 tax return, the Trustee challenges the deduction listed in Form B22C for charitable contributions of $324.75 per month.

9. With the removal of the charitable contribution deduction and vehicle ownership deduction in Form B22C, the Debtors have approximately $719.96 of monthly disposable income.

WHEREFORE, the Trustee prays the Court for an Order as follows:

1. That the Debtors' plan not be confirmed in that the plan does not comply with the provisions of the Bankruptcy Code, specifically 11 U.S.C. §1325(b), and the case be dismissed for cause pursuant to 11 U.S.C. §1307;

2. Alternatively, that the Debtors' plan be modified to provide for payment of $43,197.00 to general unsecured claims; or

3. For such other and further relief as the Court may deem just or proper.

This the 26th day of January, 2011.

_____
Benjamin E. Lovell
Attorney for the Trustee
State Bar No: 23266
P.O. Box 3613
Durham, N.C. 27702
Telephone: (919) 688-8065